

Sean Reis (SBN 184044)
Edelson McGuire, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
T: (949) 459-2124
F: (949) 459-2123
sreis@edelson.com

FILED
10 JUN 16 PM 3:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

*Counsel for Plaintiff*
[additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

NATALIE ANDERSON, an individual, on her own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

ONEWEST BANK, FSB

Defendant.

CV10 4448 GW (FFMx)

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Natalie Anderson ("Anderson" or "Plaintiff"), for her complaint, alleges as follows upon information and belief, based upon, *inter alia*, investigation conducted by her attorneys, except as to those allegations pertaining to Plaintiff and her counsel personally, which are alleged upon personal knowledge:

**Introduction and Nature of the Complaint**

1. This action is about Defendant OneWest Bank, FSB's ("OneWest" or "Defendant") unlawful and unfair failure or refusal to reinstate previously suspended home equity lines of credit (HELOCs) of its customers nationwide.

2. In March 2009, OneWest acquired the assets and certain liabilities of IndyMac Federal Bank, FSB ("IndyMac"), including the HELOCs extended to the IndyMac borrowers, from the Federal Deposit Insurance Corporation ("FDIC"). Since that time OneWest has been servicing and otherwise handling former IndyMac's HELOCs.

3. Several months prior to this purchase, IndyMac began systematically suspending and reducing the HELOCs of its customers across the county due to a purported decline in values

of the properties securing the HELOCs by sending substantially similar form letters of suspension or reduction. For instance, IndyMac's letter to Plaintiff specifically stated:

> As you may know, home values across the country have declined. At this time we regret to inform you that access to your IndyMac Federal Bank DYMANIC Line has been temporally suspended due to a decline in the value of your property from its original appraised value at the origination of your loan. This action is being taken in accordance with the terms of your Home Equity Line of Credit Agreement.
>
> . . .
>
> You may request an appeal of this decision if you have evidence that your property value and equity have not decreased from the original value or equity at origination with IndyMac Federal Bank.

*See* the "Notice of HELOC Suspension" letter, a copy of which is attached as Exhibit A. IndyMac did not perform any type of individualized assessment of its customers' home values or other calculation to determine whether any "decrease" that would warrant suspension or reduction under the federal law had in fact occurred. Rather, on information and belief, IndyMac determined property values through dubious automated formulas, commonly known as Automated Valuation Models ("AVMs"), with unreliable or inaccurate analyses designed to reach a predetermined, often unreasonably low result. In fact, IndyMac sent its letters and reduced the credit limit or suspended the HELOCs of many homeowners, including Plaintiff, whose home values had not declined significantly enough to warrant a suspension or reduction, if at all.

4. However, when former IndyMac customers complain, protest and/or request reinstatement, OneWest either wrongfully refuses to reinstate the HELOCs in the face of valid evidence that the condition that lead to the initial suspension either never existed or no longer exists, or it simply fails to respond to its customers—in essence ignoring their requests. By doing so OneWest has knowingly and systematically effectuated a scheme to keep the credit limits reduced or suspended on millions of dollars worth of HELOCs across the country and has breached its HELOCs agreements in the process.

5. OneWest took these actions despite clear guidance in federal law that suspensions and reductions are temporary in nature and that HELOCs must be reinstated as soon as possible after the condition that warranted the suspension ceases to exist. In direct violation of these federal regulations, OneWest has established a policy of failing or refusing to reinstate the

1  HELOCs of many borrowers where OneWest knew or should have known that the condition
2  allowing for the suspension or reduction ceased to exist, or, as in Plaintiff Anderson's case and
3  with other customers, never existed in the first place. OneWest violated the Truth-in-Lending Act
4  ("TILA") (15 U.S.C. § 1640(a)) and its implementing regulation, Regulation Z, 12 C.F.R. §
5  226.5b(f)(3)) and has hereby deprived its customers of crucial affordable consumer credit, even
6  though its borrowers have continued to meet their mortgage obligations in this faltering economy.

7.   6.   To obtain redress for OneWest's wrongful actions, Plaintiff brings this class action on behalf of herself and the putative class for actual damages and attorneys' fees under TILA and Regulation Z, equitable and injunctive relief, damages for breach of contract and breach of the implied covenants of good faith and fair dealing, restitution for unjust enrichment, and restitution for violation of the California's Unfair Competition Law, Cal Bus. & Prof. Code 17200 *et. seq.* ("UCL").

## PARTIES

7.   **Plaintiff Natalie Anderson:** Natalie Anderson is a resident of Temple Hills, Maryland. In December 2006, Plaintiff obtained a HELOC from IndyMac for her family, personal and household purposes in the amount of $60,000 secured by her personal residence in Temple Hills, Maryland (the "subject property"). In January 2009, IndyMac sent Plaintiff a letter indicating that her HELOC has been suspended. (Ex. A.)

8.   **Defendant OneWest Bank, FSB:** OneWest is a regional bank with its principle place of business in Pasadena, California, and over 80 branches throughout California. It is considered a citizen of the State of California. OneWest was formed in March 2009 for the purposes of acquiring IndyMac Federal Bank, FSB. In March 2009, OneWest acquired from the FDIC the assets and certain liabilities, including the HELOC agreements, of IndyMac. This included Plaintiff's HELOC. OneWest's acts and omissions complained off in this Complaint, and instrumentalities used in devising and implementation of these acts and omissions, occurred in and emanated from the State of California.

**Jurisdiction and Venue**

9. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises in part under TILA and Regulation Z. This Court has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367.

10. Venue is also proper before this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events, circumstances, and/or omissions giving rise to these claims occurred in the Central District of California.

11. This Court has personal jurisdiction over Defendant under Cal. Code Civ. Proc. § 410.10 because Defendant is a citizen of California and because some of the acts and omissions alleged herein were committed in California, specifically in the Central District of California.

**Allegations as to Plaintiff's Individual Claims**

12. In or around December 2006, Plaintiff and IndyMac entered into a HELOC agreement under the terms of which IndyMac provided Plaintiff a $60,000 line of credit secured by a mortgage on the subject property. *See* Home Equity Line of Credit Agreement (the "HELOC Agreement") a copy of which is attached as Exhibit B. According to a OneWest customer service representative, IndyMac valued Plaintiff's property at $250,000 at the time the HELOC was originated.

13. On January 28, 2009, IndyMac mailed Plaintiff a letter indicating that her HELOC has been "temporarily suspended due to a decline in the value of [the] property from its original appraised value at the origination of [the] loan." (Ex. A)

14. Following the notice, Plaintiff promptly contacted IndyMac's customer service over the phone seeking explanation for the suspension. Plaintiff was told that IndyMac's computer-generated AVM estimated that her home value was $160,000. Plaintiff vigorously disputed such an unreasonably low valuation of her home because on January 23, 2009, just five days before IndyMac sent her a suspension notice, Plaintiff's home was appraised at $252,000 by an independent appraisal company retained by IndyMac's refinance department. A copy of the

appraisal report indicating the fair market value of the property at $252,000 is attached to this Complaint as Exhibit C.

15. Despite the fact that the subject property actually increased in value from $250,000 at the time of the HELOC origination to $252,000 at the time of the suspension, IndyMac refused to reinstate Plaintiff's HELOC.

16. In March 2010, Plaintiff learned from her attorneys that she was still entitled to request reinstatement of her HELOC from IndyMac's successor, Defendant OneWest. Plaintiff then telephoned OneWest's customer service and was told that her request for reinstatement should be sent to OneWest via fax. On April 13, 2010, Plaintiff faxed her request for reinstatement to OneWest at the fax number provided to her by OneWest. *See* Plaintiff's request for reinstatement which is attached to this Complaint as Exhibit D.

17. In her April 2010 request for reinstatement, Plaintiff advised OneWest that the initial suspension of her HELOC was unwarranted because of the gross undervaluation of her home value. Ex. D. Further, to date, Plaintiff's property has not declined in value from the time of the HELOC origination and Plaintiff advised Defendant of this fact in her request for reinstatement as well. *See* Ex. D. Despite having been advised of these facts, OneWest failed to reinstate Plaintiff's HELOC or otherwise respond to her request for reinstatement.

18. Plaintiff's HELOC with Defendant OneWest was her primary line of credit. She obtained it for personal and household purposes, including making substantial physical improvements to the subject property. Defendant's failure to reinstate Plaintiff's HELOC when such a reinstatement was warranted and required by federal law denied Plaintiff access to her bargained-for credit line, continued the negative impact on her credit score and increased the cost of credit available to Plaintiff.

**Class Certification Allegations**

19. Plaintiff seeks certification of a class under both Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. **Definition of the Class:** Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this

- 5 -

Complaint against Defendant on behalf of a class (the "Class") of all persons nationwide:

    (a)    who had a HELOC with IndyMac and/or OneWest; and

    (b)    whose HELOC was unlawfully reduced or suspended by IndyMac and/or OneWest; and

    (c)    whose HELOC was not reinstated by OneWest when such a reinstatement was required under the federal law.

Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its affiliated companies have a controlling interest and their current or former officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Class; and 4) the legal representatives, successors or assigns of any such excluded persons.

Plaintiff anticipates the potential need to amend the Class definition or to add subclass definitions following discovery.

21.    **Numerosity:** The exact number of the members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. IndyMac alone sent its generic credit line reduction letters to thousands of borrowers across the country, and a substantial percentage of the recipients of these letters fall into the definition of the Class. Class members can be easily identified through Defendant's records.

22.    **Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members. These common questions include:

    (a)    What were IndyMac's and Defendant's criteria for suspending and reducing the HELOCs of their borrowers;

    (b)    What were OneWest's policies and procedures relating to reinstatement of the suspended and/or reduced HELOCs of IndyMac and OneWest;

    (c)    What were OneWest's criteria for reinstatement of the suspended and/or reduced HELOCs of IndyMac and OneWest;

     (d)    Whether OneWest's failure to reinstate Plaintiff's and the Class members' HELOCs violated TILA and Regulation Z;

     (e)    Whether OneWest's failure to reinstate Plaintiff's and the Class members' HELOCs breached the HELOC Agreements between IndyMac and/or OneWest and the Class members;

     (f)    Whether OneWest's failure to reinstate Plaintiff's and the Class members' HELOCs breached the implied duty of good faith and fair dealing;

     (g)    Whether OneWest was unjustly enriched by its failure to reinstate Plaintiff's and the Class members' HELOCs; and

     (h)    Whether Plaintiff and the Class are entitled to relief, and the nature of such relief.

23.   **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, as Plaintiff and other Class members sustained damages arising out of the wrongful conduct of Defendant, based upon the same transactions which were made uniformly with Plaintiff and the Class members.

24.   **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

25.   **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class to obtain effective relief from the misconduct of Defendant. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the

complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

26. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of Defendant challenged herein apply and affect members of the Class, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

**COUNT I: Violation of TILA and Regulation Z**
**(on behalf of Plaintiff and the Class)**

27. Plaintiff incorporates the above paragraphs as if fully set forth herein.

28. TILA and Regulation Z prohibit Defendant from unilaterally changing any of the terms of a HELOC, including suspending or reducing the credit limit. 15 U.S.C. § 1647(c)(1); 12 C.F.R. § 226.5b(f)(3). There is a relevant exception for "any period in which the value of the consumer's principal dwelling which secures any outstanding balance is significantly less than the original appraisal value of the dwelling" which permits Defendant to reduce the credit limits on its HELOCs or suspend such account from further withdrawals. 15 U.S.C. § 1647(c)(2)(B); 12 C.F.R. § 226.5b(f)(3)(vi)(A). However, as Federal Reserve Board's Official Staff Commentary to Regulation Z (the "Official Staff Commentary") warns, such suspensions and reductions are of a "temporary nature" and the credit privileges must be reinstated "as soon as reasonably possible" after the circumstances that justified the suspension or reduction ceased to exist. Commentary to 12 C.F.R. § 226.5b(f)(3)(vi), Sections 2, 4. The Official Staff Commentary further provides that "once the consumer requests reinstatement, the creditor must promptly investigate to determine whether the condition allowing the freeze continues to exist." *Id.*, Section 4.

29. In violation of TILA and Regulation Z, Defendant OneWest failed to promptly investigate Plaintiff's request for reinstatement and failed to restore Plaintiff's credit privileges "as

soon as reasonably possible" after she made her request.

30. Had OneWest performed any investigation whatsoever, OneWest would have immediately determined that (1) IndyMac wrongfully suspended Plaintiff's and the Class members' HELOCs; and (2) that "the condition allowing the freeze" either ceased to exist or had never existed in the first place.

31. As an actual and proximate result of OneWest's violations of TILA and Regulation Z, Plaintiff and the other Class members suffered actual damages. These damages occurred in the form of being denied of the full use and enjoyment of their HELOCs, the increased price of credit, adverse effects on their credit scores, loss of interest, and other damages.

32. Plaintiff, on her own behalf and on behalf of the other Class members, seeks actual damages under 15 U.S.C. § 1640(a)(1), statutory damages under 15 U.S.C. § 1640(a)(2)(B), and costs of the action, together with reasonable attorneys' fees under 15 U.S.C. § 1640(a)(3), in an amount to be determined at trial, and reinstatement of all HELOCs that OneWest wrongfully failed to reinstate.

**COUNT II: Declaratory Relief**
**(on behalf of Plaintiff and the Class)**

33. Plaintiff incorporates the above paragraphs as if fully set forth herein.

34. As fully described in Count I, in direct violation of TILA and Regulation Z, Defendant failed to reinstate Plaintiff's and the Class members' HELOCs where such a reinstatement was warranted and required by the federal law. Defendant further failed to otherwise acknowledge and respond to Plaintiff's request for reinstatement.

35. The Class and Defendant have adverse legal interests, and there is a substantial controversy between the Class and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Defendant's failure or refusal to reinstate the HELOC accounts of the Class members across the country violate TILA and Regulation Z.

36. In the event this Court finds at any time that damages or other remedies under TILA, as prayed for in Count I, would be inadequate to fully compensate Plaintiff and the Class members or would otherwise be inadequate to fully address OneWest's ongoing or future

violations of TILA with respect to its existing and future HELOC borrowers, Plaintiff, on her own behalf and on behalf of the Class members, seeks a declaratory judgment under 27 U.S.C. § 2201 that OneWest's ongoing and continuing failure to reinstate suspended or reduced HELOCs where such a reinstatement is warranted and required, and OneWest's failure to otherwise respond to the requests for reinstatement, violate TILA and Regulation Z.

### COUNT III: Breach of Contract
### (on behalf of Plaintiff and the Class)

37. Plaintiff incorporates the above Paragraphs as if fully set forth herein.

38. Plaintiff and the other Class members obtained HELOCs from IndyMac and Defendant according to the terms of the uniform HELOC Agreements. The terms of these HELOC Agreements constitute contracts between the Class members and Defendant.

39. Section 14 of IndyMac's HELOC Agreements states:

> We may prohibit you from obtaining additional extensions of credit, or reduce your Credit Limit if: (1) The value of the dwelling securing this home equity Line of Credit declines significantly below its appraised value for the purposes of this Line of Credit[.]

Ex. B., Section 14. This contractual provision prohibits the suspension or reduction of the credit lines premised on property value declines if no significant decline had occurred or if no significant decline continued to exist.

40. Plaintiff and the other Class members performed their obligations in full under their HELOC Agreements with IndyMac and Defendant. They made the payments due to Defendant and otherwise complied with all terms of the HELOC Agreements.

41. The credit limit and credit privileges were material terms of the HELOC Agreements.

42. Defendant materially breached the HELOC Agreements by failing to reinstate the suspended or reduced HELOCs where a condition allowing for the suspension or reduction ceased to exist or never existed in the first place.

43. As an actual and proximate result of OneWest's breach of contract, Plaintiff and the other Class members suffered actual damages. These damages occurred in the form of being

denied of the full use and enjoyment of their HELOCs, the increased price of credit, adverse effects on their credit scores, lost interest, and other damages.

44. Plaintiff, on her own behalf and on behalf of the other Class members, seeks actual and compensatory damages for OneWest's breach of contract, reinstatement of all HELOCs that OneWest wrongfully failed to reinstate, as well as interest, attorneys' fees, and costs in an amount to be determined at trial.

### COUNT IV: Breach of the Implied Duty of Good Faith and Fair Dealing
### (on behalf of Plaintiff and the Class)

45. Plaintiff incorporates the above paragraphs as if fully set forth herein.

46. Plaintiff and the other Class members obtained HELOCs from IndyMac and OneWest under the terms of their HELOC Agreements. These HELOC Agreements constitute a valid contract between the Class members and OneWest.

47. Implied in the terms of each of these HELOC Agreements was a covenant of good faith and fair dealing. This implied covenant prevented OneWest from engaging in conduct, and exercising its discretion, in a manner that frustrates the Class members' rights to the benefits of the contracts or that would impede the right of the Class members to receive the benefits of their HELOC Agreements.

48. The grounds on which the credit privileges could be reduced or suspended or kept suspended after a borrower's request for reinstatement were material terms of the Class members' HELOC Agreements. OneWest breached the implied covenant of good faith and fair dealing by wrongfully exercising its discretion to ignore Plaintiff's and the other Class members' requests for HELOC reinstatement and/or by failing to reinstate the Class members' HELOCs where OneWest knew or should have known that the condition allowing for the suspension or reduction ceased to exist or never existed in the first place.

49. Defendant's breach of the implied covenant of good faith and fair dealing caused Plaintiff and other Class members to incur damages. These damages occurred in the form of being denied the full use of the bargained-for HELOCs, the increased price of credit, adverse effects on credit scores, lost interest, and other damages.

50.     Plaintiff, on her own behalf and on behalf of the other Class members, seeks damages for OneWest's breach of the implied covenant of good faith and fair dealing, plus reinstatement of the HELOCs that OneWest wrongfully failed to reinstate, interest, attorneys' fees, and costs in an amount to be determined at trial.

### COUNT V: Restitution for Unjust Enrichment
### (on behalf of Plaintiff and the Class)

51.     Plaintiff incorporates Paragraphs 1-36 as if fully stated herein.

52.     In the alternative, and in the event this Court finds that no contract provision expressly governs the issues raised herein, OneWest has knowingly received and retained benefits from Plaintiff and the Class members under circumstances that would render it unjust to allow OneWest to retain such benefits.

53.     OneWest knew or should have known that the condition that allowed for the suspension/reduction of the HELOCs ceased to exist or never existed in the first place, but nevertheless failed to reinstate Plaintiff's and the Class members' HELOCs. By doing so, OneWest gained the time value of the money it would otherwise be potentially liable for lending out to its HELOC borrowers.

54.     Additionally, on information and belief, OneWest is required to have available certain levels of reserves to meet its HELOC obligations to its existing borrowers. By wrongfully failing to reinstate the Class members' HELOCs, OneWest received the benefit of not having to have available as much cash on hand or reserves that are otherwise required to meet lines of credit with higher value. By reducing the amount of outstanding HELOCs or decreasing the available credit limits, OneWest concurrently reduced the amount of cash it was required to devote to those liabilities.

55.     Plaintiff, on her own behalf and behalf of the other Class members, seeks damages, disgorgement and restitution of all revenue and profits gained through OneWest's unjust enrichment at the expense of the Class members, reinstatement of all unlawfully suspended and reduced HELOCs, plus interest and attorneys' fees, in an amount to be determined at trial.

### COUNT VI: Violation of California's UCL
### (on behalf of Plaintiff and the Class)

56. Plaintiff incorporates the above paragraphs as if fully set forth herein.

57. OneWest's failure to reinstate Plaintiff's and other Class members' HELOCs violated the California UCL because it constituted, and was premised on, unlawful, unfair, and fraudulent conduct by OneWest.

**A.** *OneWest's conduct violated the "Unlawful" prong of the UCL.*

58. OneWest's failure to reinstate the HELOCs of Plaintiff and the Class members, where OneWest knew or should have known that the condition allowing for the reduction or suspension of their credit privileges ceased to exist or never existed in the first place, violated TILA and Regulation Z, as fully described in Count I above. Further, OneWest violated TILA and Regulation Z when it failed, upon information and belief, to conduct any investigation upon a borrower's request for reinstatement of the HELOC, and failed otherwise respond to the borrower's request.

**B.** *OneWest's conduct violated the "Unfair" prong of the UCL.*

59. OneWest violated the "unfair" prong of the UCL in that OneWest allowed the HELOCs to remain suspended or reduced despite the fact that there had not been a significant decline in the value of the properties at the time of the HELOC suspensions and/or there was no significant decline as of the time that reinstatement was requested. To the contrary, OneWest was specifically advised by Plaintiff that her home value was grossly underestimated and that the current fair market value of the subject property was the same as the value at the HELOC origination. Ex. D. Nevertheless, OneWest failed to reinstate Plaintiff's and the Class members' HELOCs and neglected to otherwise respond to their requests.

**C.** *OneWest's conduct violated the "Fraudulent" prong of the UCL.*

60. Finally, OneWest's conduct violates the "Fraudulent" prong of the UCL. Upon information and belief, Defendant OneWest and its predecessor IndyMac devised a fraudulent scheme to suspend or reduce the HELOCs of IndyMac and OneWest borrowers based on a purported decline in their home values. Upon information and belief, IndyMac was to send out its

generic form notices of suspensions/reductions to its HELOC borrowers across the country, devoid of any specific information, based on inaccurate home values generated by the unsubstantiated and dubious AVMs. In turn, OneWest was to keep these HELOCs suspended even when the borrowers would request reinstatement or otherwise complain to the customer service regarding the unreasonably low valuations of their homes.

61. Upon information and belief, OneWest knew about the fraud and participated in gathering profits from the fraud, by loaning out the funds that were freed from IndyMac's HELOCs, at a much higher interest rate than the lower rate associated with the HELOCs. OneWest also benefited from this fraud by being able to retain the funds it would otherwise have had to loan to the HELOC borrowers, and use these funds as it saw fit. Finally, upon information and belief, keeping the HELOCs suspended allowed OneWest to keep less cash on hand due to the reduced liabilities to the HELOC borrowers.

62. IndyMac has been operating as a division of OneWest since its purchase in March 2009.

63. OneWest's actions caused substantial injury to consumers in that they were deprived of a bargained-for affordable credit in a crucial economic time. This injury was not outweighed by any countervailing benefits to consumers or competition. Finally, since OneWest had a full control over the decision to keep the HELOCs suspended, consumers could not have reasonably avoided this injury.

64. OneWest's violations of the UCL caused Plaintiff and the other Class members to incur damages in the form of lost interest, lost of use of the bargained-for credit line, lost opportunity, adversely impacted credit, and other damages.

65. As a direct and proximate result of OneWest's systematic failures to reinstate the Class members' HELOCs, Plaintiff and the Class members have suffered adverse effects on their credit scores, as well as attorneys' fees and other damages.

66. Plaintiff, on her own behalf and behalf of the other Class members, seeks an order preliminarily and permanently enjoining OneWest's unfair competition alleged herein, requiring OneWest to restore the Class members' suspended or reduced HELOC limits, and providing

individual restitution of property gained by OneWest's unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well as interest and attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in her favor and against Defendant OneWest as follows:

(a) Certifying the action as a class action and designating Plaintiff and her counsel as representatives of the Class;

(b) Awarding statutory damages under 15 U.S.C. § 1640(a)(2)(B);

(c) Granting declaratory relief under 27 U.S.C. § 2201;

(d) Awarding actual damages for the Class including but not limited to damages associated with being denied access to the bargained-for HELOCs, the increased price of credit, negatively affected credit scores, attorneys' fees, interest and other damages in an amount to be proved at trial;

(e) Granting preliminary and permanent equitable and injunctive relief for the Class, including enjoining Defendant from further violations of TILA and Regulation Z and restoration of all HELOCs that should have been reinstated by OneWest, and restitution of property gained through OneWest's unjust enrichment;

(f) Entering an Order preliminarily and permanently enjoining OneWest's unfair competition alleged herein, requiring OneWest to restore the Class members' suspended or reduced HELOC limits, and providing individual restitution of property gained by OneWest's unfair competition under the UCL;

(g) Awarding pre- and post-judgment interest; and

(h) Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 16, 2010

By: _____
Counsel for Plaintiff and the Putative Class

Sean Reis (SBN 184044)
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
T: (949) 459-2124
F: (949) 459-2123
sreis@edelson.com

Steven Lezell (*pro hac vice* to be filed)
Evan M. Meyers (*pro hac vice* to be filed)
EDELSON MCGUIRE, LLC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
T: (312) 589-6370
F: (312) 589-6378
slezell@edelson.com
emeyers@edelson.com

*Attorneys for Plaintiff and the Putative Class*

- 16 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV10- 4448 GW (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL** 

Name & Address:
Sean P. Reis, Esq., CA SBN 184044
Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE ANDERSON, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>ONEWEST BANK, FSB<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4448 GW (FFMx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): OneWest Bank, FSB, 888 East Walnut Street, Pasadena, CA 91101

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Sean Reis, Edelson McGuire LLP_, whose address is _30021 Tomas Street, Suite 300, Rancho Santa Margarita, CA 92688_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __June 16, 2010__    By: _Natalie Hongoria_
                                  Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                    SUMMONS


FAXED

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NATALIE ANDERSON

**DEFENDANTS**
ONEWEST BANK, FSB

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Sean Reis (SBN 184044), Edelson McGuire LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
T: (949) 459-2124

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|                                              | PTF | DEF |                                                           | PTF | DEF |
|---                                           |---  |---  |---                                                        |---  |---  |
| Citizen of This State                        | ☐1  | ☐1  | Incorporated or Principal Place of Business in this State | ☐4  | ☐4  |
| Citizen of Another State                     | ☐2  | ☐2  | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country      | ☐3  | ☐3  | Foreign Nation                                            | ☐6  | ☐6  |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No         ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1640 for improper suspension of home equity line of credit

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☑ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV10 4448**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                   **CIVIL COVER SHEET**                   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland - Natalie Anderson |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - One West Bank, FSB |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  6-16-10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 2 of 2